IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 16, 2016

## STATE OF TENNESSEE v. JERRY FLOYD

**Appeal from the Criminal Court for Sullivan County**
**No. S64158      James F. Goodwin, Jr., Judge**

_____

### No. E2016-00260-CCA-R3-CD-FILED-AUGUST 31, 2016

_____

The Defendant, Jerry Floyd, was arrested without a warrant for driving under the influence (DUI), third offense, a Class A misdemeanor, and several other traffic offenses not relevant to this review. See Tenn. Code Ann. §§ 55-10-401, -402(a)(3)(A). The Defendant consented to a bench trial in Sullivan County General Sessions Court and was found guilty of DUI, third offense. The Defendant then appealed to the Sullivan County Criminal Court. Following a bench trial, the Defendant was again found guilty of DUI, third offense. The trial court sentenced the Defendant to eleven months and twenty nine-days with 120 days to be served in confinement. The Defendant now appeals to this court, contending that the evidence was insufficient to sustain his conviction. Following our review, we conclude that the affidavit of complaint filed after the Defendant's arrest was void and that no valid arrest warrant was issued in this case. Therefore, prosecution was never commenced in this matter within the applicable statute of limitations. Accordingly, we reverse and dismiss the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed; Case Dismissed

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Wendal Jackson,[1] Blountville, Tennessee, for the appellant, Jerry Floyd.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Barry Staubus, District Attorney General; and Benjamin Rowe, Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1] Shortly after filing the Defendant's brief with this court, Mr. Jackson was temporarily suspended from the practice of law by our supreme court. His license to practice law was later transferred to disability inactive status prior to the filing of this opinion.

**OPINION**

On May 20, 2013, Officer Robert G. Mills of the Kingsport Police Department arrested the Defendant for DUI, third offense, and several other traffic violations not relevant to this review. Later that day, Officer Mills filled out and signed a form affidavit of complaint alleging the essential facts of the charged offense. Next to Officer Mills's signature was a line stating that the affidavit of complaint had been "[s]worn and subscribed before" a "Judge/Clerk/Judicial Commissioner." That portion of the affidavit of complaint was signed by a notary public.

Underneath the affidavit of complaint portion of the form was a second section titled "Probable Cause Determination." That section stated that there was probable cause to believe that the offenses had been committed based upon the affidavit of complaint and was signed by a court clerk the same day as the affidavit of complaint. That portion of the form also contained the following three options: (1) "defendant given citation or arrested without warrant"; (2) "arrest warrant shall issue"; and (3) "criminal summons shall issue." The first option was checked on the form and "arrested" was circled.

On September 4, 2014, the Defendant consented to a bench trial in Sullivan County General Sessions Court and was found guilty of DUI, third offense. The Defendant appealed to the Sullivan County Criminal Court. On August 26, 2015, the trial court held a bench trial on this matter. The trial was continued until September 11, 2015. On that day, the trial court issued a written order finding the Defendant guilty of DUI, third offense. The Defendant was subsequently sentenced to eleven months and twenty-nine days with 120 days to be served in confinement, and the judgment of conviction was entered on January 20, 2016. The Defendant now appeals to this court.

While not raised by either of the parties, this court's review of the record revealed that no arrest warrant was issued in this case and that the affidavit of complaint, which purported to be the charging instrument, was invalid.[2] Tennessee Rule of Appellate Procedure 13(b) generally limits this court's review to "those issues presented for review." However, Rule 13(b) provides that this court "<u>shall</u> also consider whether the trial and appellate court have jurisdiction over the subject matter, <u>whether or not presented for review</u>." (Emphases added).

---

[2] Typically, we would request that the parties submit new briefs on this issue. However, the State has exhaustively briefed this issue in several recent cases before this court, and we are well-versed regarding the State's arguments on this issue. <u>See</u> <u>State v. Jason Gonzalez</u>, No. E2015-01107-CCA-R3-CD, 2016 WL 3996452 (Tenn. Crim. App. July 21, 2016); <u>State v. Lisa Hayes</u>, No. E2015-01112-CCA-R3-CD, 2016 WL 3636694 (Tenn. Crim. App. June 29, 2016); <u>State v. Felicia Jones</u>, No. E2015-01101-CCA-R3-CD, 2016 WL 3750151 (Tenn. Crim. App. June 29, 2016); <u>State v. Steven Shell</u>, No. 2015-01103-CCA-R3-CD, 2016 WL 3679840 (Tenn. Crim. App. June 29, 2016).

A panel of this court recently held, under almost identical facts, that a form affidavit of complaint "did not conform to the requirements of an arrest warrant" and could "not substitute for a valid arrest warrant." State v. Felicia Jones, No. E2015-01101-CCA-R3-CD, 2016 WL 3750151, at *4 (Tenn. Crim. App. June 29, 2016). Furthermore, the panel also held that the signing of an affidavit of complaint before a notary public rather than a qualified judicial officer does not satisfy the applicable procedural requirements. Id. at *5. Because the affidavit of complaint is a necessary prerequisite for a valid arrest warrant, any arrest warrant issued pursuant to an invalid affidavit of complaint would also be invalid. Id. Accordingly, the State failed to commence prosecution against the Defendant within the applicable one-year statute of limitations in this case. See id. at *7-8. Therefore, the Sullivan County General Sessions Court and the Sullivan County Criminal Court did not have jurisdiction to convict the Defendant of DUI, third offense. Id. As such, we reverse the conviction and dismiss the Defendant's charge of DUI.

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is reversed, and the case is dismissed.

_____
D. KELLY THOMAS, JR., JUDGE

-3-